## THE PEOPLE *a.* LOMAX.

*Before the Recorder of the City of New York; March,* 1858.

SEDUCTION UNDER PROMISE OF MARRIAGE.—DISCHARGE ON HA-
BEAS CORPUS.

A defendant committed to answer to a prosecution for seduction should be dis-
charged upon habeas corpus or certiorari, unless it is made to appear affirma-
tively on the part of the People—1. That the seduction was under promise of
marriage ; 2. That the female was of previously chaste character ; and 3. That
her testimony was corroborated, at least in some important respects, by other
witnesses.

In what respects, and to what extent, such corroborative testimony is required
by the statute.

Habeas corpus and certiorari to inquire into the detention of
the defendant.

The facts sufficiently appear in the opinion.

BARNARD, Recorder.—The defendant was arrested under the
provisions of the act entitled " An act to punish seduction as a
crime," passed March 22, 1848, on the complaint of Janet Ham-
ilton, charged with seduction under promise of marriage.

The case was originally heard before Justice Connolly, and
the defendant ordered to find bail in the sum of $2000. Writs
of habeas corpus and certiorari were afterwards allowed by me.
In order that a more careful examination of the witnesses for
the People should be had, and at the same time give a proper
explanation to several matters about which the evidence was
silent, I directed that the parties, with their proofs, should ap-
pear before me. On such subsequent hearing, the witnesses for
the people having appeared, the following facts were estab-
lished :—That the complainant was twenty and the defendant
was seventeen years of age ; that they first met in October,
1857, at about three o'clock in the evening, in the street, in To-
ronto, Canada ; that the acquaintance thus formed soon ripened
into intimacy, and continued up to the 28th day of November
of the same year, when the parties left Canada, and came to the

city of New York; that the parties travelled together, without having any money, under the pretended relationship of brother and sister; that the defendant represented at different times and places, in the hearing of the complainant, that she was his sister, and that he had rescued her from a house of ill-fame; that, on arriving at the city of New York, they went to a hotel and slept together, but according to the testimony of Miss Hamilton no connection took place between them that night; that on the ensuing evening they went to a house kept by a French woman, and passed the night together, when the alleged connection took place; that the defendant promised to marry complainant, which promise to marry was corroborated by the evidence of Mr. Nash, who heard defendant say he intended to marry Miss Hamilton when he heard from his father, who lived in Manchester, England, but defendant denied, at the time of his making the promise, that he had seduced her. This constitutes in substance all of the material testimony on the part of the complainant. The object in passing this law was to protect chaste and virtuous females from being ruined by the false professions of unprincipled men. The evil had increased so rapidly, and had become so destructive to the welfare of the community, that the Legislature felt compelled to place the law on the statute book. In order, however, to entitle a claimant to the benefit and protection of it, they required that the seduction should be effected— 1. Under the promise of marriage; 2. That the female should be of previous chaste character; and, 3. That no conviction should take place on the testimony of the seduced, unsupported by other evidence. These three propositions were required to be proved by the complainant, and are conditions precedent. Unless, therefore, it is made to appear affirmatively on the part of the People that these three propositions are true, in my judgment no case can be sustained. If it were otherwise, no protection could, in any case, be afforded the defendant, where the antecedents of the female could not be traced out. A cross-examination might assist in negativing her assertions, but then it would be too late for the defendant to avail himself successfully of the knowledge thus recently acquired. This law was thoroughly discussed, and a construction given to it in the case of The People *v.* McCerren, tried in this court some years since. The well-known character for legal ability of the counsel who

prosecuted and defended the case, and the arguments advanced by them, are in my judgment conclusive testimony in favor of the soundness of the position I have taken here. There it was held to be necessary in all cases, under either the abduction or seduction statute, for the People to prove as part of their case that " the female was of previous good character."

Although I might, in some cases, while acting as a committing magistrate, feel justified in holding a defendant without any other proof on this point than that of the female alleged to have been seduced, yet I could not do so under all the suspicious circumstances surrounding this case. If the acquaintance had been formed in the proper and usual way, by means of an introduction from a mutual acquaintance; if the acquaintance thus improperly formed had been carried on with the consent of her parents; if the defendant had visited the complainant in the character of suitor; or if the statement of the complainant was so truthful and straightforward as to justify me in saying there was probable cause to hold the defendant, I would willingly do so ; but here, every thing goes to show that it will be impossible to obtain a conviction, even if a bill is found. As to the second point raised by the defendant's counsel, that the complainant must be corroborated on each of the three requisites of the statute, I shall hold, as it was held in the McCerren case, before referred to, that the words of the statute, " provided that no conviction shall be had under the provisions of the act on the testimony of the female seduced, unsupported by other testimony," do not mean, or render it necessary, that such female should be corroborated on every material statement, or on both the seduction and the promise to marry. If it did, the intention and operation of the law would be defeated, as the seduction can, in scarcely any case, be proved except by the testimony of the person injured ; while the promise can be proved by either positive or inferential evidence, either by the defendant's own acknowledgments, or by the manner of his treatment, conduct, or expressions used.

Entertaining these views, I hereby order the discharge of the defendant, and direct that the recognizance given in this case be cancelled.